**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**CAROL VAUGHN** **PLAINTIFF**

**v.** **CAUSE NO. 1:24-CV-108-SA-RP**

**OKTIBBEHA COUNTY, MISSISSIPPI;**
**DELOIS FARMER; and JOHELEN WALKER** **DEFENDANTS**

**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

**NOW COME** Defendants, Oktibbeha County, Mississippi, and Delois Farmer, by Counsel, and respectfully submit the Answer and Affirmative Defenses to Plaintiff's First Amended Complaint:

## I. AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

*(§1983 Claim)*

The First Amended Complaint fails to state a cause of action as to these Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual capacity claims. Plaintiff's First Amended Complaint should accordingly be dismissed. Plaintiff Vaughn had no contract, was an employee of a county-wide elected official, complains of un-protected work speech, and speech made purely for personal reasons and is not protected in any event. The occurrence of issues of workplace misconduct in close temporal proximity to her termination combined with multiple on-going performance issues objectively justifies termination by any reasonable and similarly situated employer. Defendants move for dismissal of Plaintiff's federal law claims pursuant to *Fed. R. Civ. Proc.* 12(b)(6). Defendants pray for an early determination of this issue in the interest of judicial economy.

**SECOND AFFIRMATIVE DEFENSE**

*(State Law Claims)*

Plaintiff's First Amended Complaint and all claims under state law asserted therein are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann*. §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiff's First Amended Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann*. §11-46-9(1)(a)(b),(c),(d),(e),(f),(h),(m) & (n) (Supp. 1997). The occurrence of issues of workplace misconduct in close temporal proximity to her termination combine with multiple on-going performance issues to objectively justify termination by any reasonable and similarly situated employer. Moreover, the First Amended Complaint and the relief sought therein are barred under the notice provisions of the Mississippi Tort Claims Act, *Miss. Code Ann*. §11-46-11 (Supp. 2000) and the individual immunity afforded under *Miss. Code Ann*. §§11-46-5 and §11-46-7. Defendants move for dismissal of Plaintiff's state law claims pursuant to *Fed. R. Civ. Proc.* 12(b)(6). Defendants pray for an early determination of this issue in the interest of judicial economy.

**THIRD AFFIRMATIVE DEFENSE**

With respect to Plaintiff's state law claims, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann*. §11-46-9 (1999). Alternatively, Defendants claim the protection of governmental immunity and/or sovereign immunity.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff improperly attempts to raise inferences favorable to the Plaintiff which are so tenuous that they rest merely upon speculation and conjecture.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent applicable, Plaintiff did not appeal these actions in the manner provided by

*Miss. Code Ann.* §11-51-75. Defendants affirmatively plead the minute book order rule, exhaustion, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel and the *Rooker-Feldman* Doctrine. The First Amended Complaint fails to state a claim upon which relief can be granted. Defendants pray for an early determination of this issue in the interest of judicial economy.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust internal administrative remedies and, therefore, her claims are barred.

**SEVENTH AFFIRMATIVE DEFENSE**

Any and all actions taken with respect to Plaintiff were not based upon any prohibited factors or upon any unlawful or impermissible reasons, but were taken in good faith and for legitimate reasons and based upon legitimate nondiscriminatory reasons.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages.

**NINTH AFFIRMATIVE DEFENSE**

Any employment decisions regarding Plaintiff were made for legitimate non-discriminatory reasons and in good faith and were in no way based on any unlawful or discriminatory motive.

**TENTH AFFIRMATIVE DEFENSE**

Defendants did not engage in any unfavorable or adverse employment action that gave rise to an inference of discrimination against Plaintiff on account of activity protected by state or federal law.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions

of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

**TWELFTH AFFIRMATIVE DEFENSE**

No causal link exists between any protected activity engaged in by Plaintiff and any unfavorable or adverse employment action against Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

There are no viable claims arising under state law in this case. The Mississippi Whistle-Blower Law (i.e. civil service protection for state agency employees) does not apply to counties, departments of county government or separately comprised airport boards. Employment claims under state law arising from public employment fail as a matter of law under multiple immunity provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-9(1) (2014). Employment claims outside the MTCA under state law, if any, would necessarily be subject to a one-year statute of limitations and not entitled to any tolling as provided from MTCA claims under *Miss. Code Ann.* §11-46-11.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations, including all claims brought pursuant to 42 U.S.C. §1983.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's failure to allege violation of any duty by Defendants bars this cause of action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Even if Plaintiff's claim of work speech raised an issue of protected status under the First Amendment, she occupied a position where close confidential working relations existed with the elected official who employed her. As such, the interests of his employer easily outweigh her First Amendment rights, if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendants invoke the at-will employment doctrine. Plaintiff Vaughn was an at-will employee. No exception to the at-will doctrine exists here.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendants deny that Plaintiff engaged in protected conduct.

**NINETEENTH AFFIRMATIVE DEFENSE**

The speech at issue was not a matter of public concern.

**TWENTIETH AFFIRMATIVE DEFENSE**

The speech at issue would have been made as a part of the employee's job duties.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants had a legitimate administrative interest in providing efficient and effective services which outweighed any First Amendment rights of the Plaintiff.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants would have taken the adverse employment action even in the absence of the protected speech.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants are protected by and invoke all the immunities granted by judicial, common law, and statutory sovereign immunity.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

The First Amended Complaint fails to state a cause of action as to the Defendants for which relief may be granted, including but not limited to, the defense of qualified immunity as to the individual Defendants herein.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

The Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by *Miss. Code Ann*. §11-46-15, insofar as any state law claims are concerned. Additionally, Defendants would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against Defendants.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(I) The standard of conduct upon which punitive damages are sought is vague.

**TWENTY- SIXTH DEFENSE**

The employer had an effective or reasonable mechanism for deterring and remedying workplace discrimination and harassment.

**TWENTY- SEVENTH DEFENSE**

Plaintiff's failure to show in a minimally coherent manner the acts of Defendants which she contends was motivated by illegal discrimination on account of race requires dismissal. Defendants invoke the same employer inference and moves for dismissal pursuant to *Fed. R. Civ. Proc.* 12(b)(6) and 12(c).

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's subjective opinion as to her qualifications are not legally relevant.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Insofar as any alleged cause of action for race discrimination, or any portion thereof, was not contained in the charge of discrimination filed with the Equal Employment Opportunity Commission within the time prescribed by 42 U.S.C. §2000e-5(e), which statute is plead as a defense and as a statute of limitations, the First Amended Complaint should be dismissed.

**THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to any relief against Defendants and no recovery may be had against Defendants for each and all of the reasons contained in this Answer and for the reason that Defendants have not violated any law in any manner whatsoever. Further, Defendants state that there can be no recovery of any damages or attorneys' fees for the reason that all actions of Defendants were in good faith and predicated upon the basis of reasonable and just grounds for the belief that its actions did not and do not constitute a violation of any law.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

To the extent Plaintiff failed to exhaust administrative remedies and/or failed to comply with the procedural prerequisites to bringing her discrimination claims before this Court, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Defendants invoke the applicable majority motivation standard for racial animus claims. Defendants deny that Plaintiff's race or any other impermissible factor played any role in the employment decisions relating to Plaintiff. Alternatively, even if some impermissible motive had been a factor in any of those decisions, the same decisions would have been reached for legitimate, nondiscriminatory reasons.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Any and all acts by Defendants giving rise to this action were done in good faith, based on legitimate, non-discriminatory business reasons, and upon reasonable belief that Defendants were not violating any federal or state law including, but not limited to, Title VII and 42 U.S.C. § 1981.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants affirmatively assert the right to rely on after-acquired evidence to mitigate Plaintiff's alleged damages.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants affirmatively aver that Plaintiff's alleged damages under Title VII are limited by 42 U.S.C. §1981a.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Punitive damages cannot be assessed against the Defendants.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks special damages, such damages have not been specifically stated.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's damages are not caused by any custom or policy of the County, and there is no basis for liability against Defendants.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Defendants did not engage in any unfavorable or adverse employment action that gave rise to an inference of discrimination against Plaintiff.

**FORTIETH AFFIRMATIVE DEFENSE**

Plaintiff's failure to show that she had been treated differently from other employees in similar situations is fatal to her claim of race discrimination pursuant to Title VII, or §1981 via §1983 and requires dismissal.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

The County affirmatively pleads the Minute Book Order Rule, exhaustion, laches, waiver, res judicata, estoppel, collateral estoppel, judicial estoppel, §1738 preclusion, and the Rooker-Feldman Doctrine. The First Amended Complaint fails to state a claim upon which relief can be granted. The Defendant County prays for an early determination of this issue in the interest of judicial economy.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff did not possess and was not deprived of any procedural and/or substantive due process interest protected by the Fourteenth Amendment or alternately. Plaintiff was provided an adequate post-deprivation remedy which she failed to appeal. Plaintiff was an at-will appointee with no contract and no property interest in continued employment. Moreover, no stigmatizing matters

as to Plaintiff were made public by Defendant, and she did not request a public name-clearing hearing giving her no cognizable liberty interest claim in the alternative. To the extent Plaintiff makes claims under the equal protection clause of the 14th Amendment to the United States Constitution, she is not entitled to a mixed motive defense, and such claims must therefore fail.

## II. ANSWER

**AND NOW,** having asserted their Affirmative Defenses to the First Amended Complaint filed herein, and without waiving any such defenses, Defendants answer the allegations of Plaintiff's First Amended Complaint as follows:

1. Plaintiff Vaughn sent her EEOC Charge to the County instead of the county-wide official who employed her. Oktibbeha County is not her Title VII Employer. In a hurry to file suit, Plaintiff Vaughn requested a right-to-sue before allowing the investigation and response to proceed. The allegations of paragraph one are admitted as the documents attached say what they say. Vaughn has waived relief under Title VII by not filing a charge against her employer.

2. At all relevant times, Defendant Delois Farmer served as the County Administrator. County Administrator oversees the County system of personnel administration for applicable employees. According to the Employee Handbook for Oktibbeha County Employees:

   "Some Departments have duties and shifts that are not addressed in this handbook. These departments, Sheriff's, E-911 and offices not funded by the Board of Supervisors, shall amend this handbook to suit their department or develop a handbook for their department to be approved by the Board and filed with the Chancery Clerk."

   Plaintiff Vaughn was an employee of a county-wide elected official. The previous officer holder took the position that ***"that was his office and no one would***

***reprimand his worker".*** As a matter of state law, the Board of Supervisors does not have the authority to discipline, hire or fire employees of a county-wide official. Defendant Farmer is neither the employer of Plaintiff Vaughn nor is she a policy making official for Oktibbeha County. Defendant Farmer is not in a supervisory position over employees of county-wide elected officials, like Plaintiff Vaughn. The remaining allegations of paragraph two are denied.

3. The allegations of paragraph three are admitted.

4. The allegations of paragraph four do not pertain to Oktibbeha County or Individual Defendant Farmer. Plaintiff was employed in a department under a county-wide elected official. The allegations of paragraph four are otherwise denied.

5. The allegations of paragraph five do not pertain to Oktibbeha County or Individual Defendant Farmer. Plaintiff was employed in a department under a county-wide elected official. The allegations of paragraph five are otherwise denied.

6. A county-wide elected official does not have hiring or contract authority beyond his or her term. On December 31, 2023, Plaintiff Vaughn's previous county-wide elected official employer left office. Vaughn was offered employment with the new county-wide elected official who took over that department. Vaughn accepted employment but was thereafter terminated for cause. The most that the Board of Supervisors could have lawfully done in response to the termination would be to afford Vaughn a name-clearing hearing. She did not request such a hearing. The remaining allegations of paragraph six are denied.

7. The allegations of paragraph seven are denied.

8. The allegations of paragraph eight are denied.

9. Defendants are unaware of the actions Plaintiff describes she took in paragraph nine. Out of an abundance of caution, this paragraph is denied.

10. The allegations of paragraph ten are denied.

11. The allegations of paragraph eleven including Counts I through VII are denied.

12. The allegations of paragraph twelve are denied.

13. The allegations of paragraph thirteen are denied.

As for the last unnumbered paragraph which is entitled, "REQUEST FOR RELIEF," Defendants deny each and every allegation contained therein and would affirmatively aver that the Plaintiff is not entitled to any relief whatsoever.

**WHEREFORE,** Defendants deny that Plaintiff is entitled to judgment, deny that Plaintiff is entitled to a trial by jury, deny that Plaintiff is entitled to any relief at all, and respectfully pray for dismissal with prejudice on all claims and recovery of their reasonable and necessary prevailing party attorney fees.

**RESPECTFULLY SUBMITTED**, this the 23rd day of August, 2024.

**JACKS GRIFFITH LUCIANO, P.A.**

By: ***/s/ Daniel J. Griffith***

Daniel J. Griffith, MS Bar No. 8366
Mary McKay Griffith, MS Bar No. 100785
Attorneys for Defendants Oktibbeha County, MS, and Delois Farmer

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Phone No. (662) 843-6171
Fax No. (662) 843-6176
Email: dgriffith@jlpalaw.com
mgriffith@jlpalaw.com

**CERTIFICATE OF SERVICE**

I, Daniel J. Griffith, attorney for Defendants, do hereby certify that on this day, I filed the foregoing ***Answer and Affirmative Defenses to First Amended Complaint*** with the Clerk of the Court via ECF filing system, to the following counsel of record:

Jim D. Waide, III, Esq.
Yance A. Falkner, Esq.
Waide & Associates, P.A.
Email: waide@waidelaw.com
yfalkner@waidelaw.com
**Attorneys for Plaintiff**

Robert J. Dambrino III, Esq.
Gore, Kilpatrick & Dambrino PLLC
Email: rdambrino@gorekilpatrick.com
**Attorney for JoHelen Walker**

This, the 23rd day of August, 2024.

By: */s/ Daniel J. Griffith*
Daniel J. Griffith