**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**CAROL VAUGHN** **PLAINTIFF**

**v.** **CAUSE NO. 1:24-CV-108-SA-RP**

**OKTIBBEHA COUNTY, MISSISSIPPI;**
**DELOIS FARMER; and JOHELEN WALKER** **DEFENDANTS**

**DEFENDANT OKTIBBEHA COUNTY MISSISSIPPI'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY,**
**FOR SUMMARY JUDGMENT**

**NOW COMES** Defendant, Oktibbeha County, Mississippi, by and through counsel, and file this, their Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment, as follows:

## I. PREMISE

Aware her employment as Deputy Tax Assessor/Collector was controlled by a countywide elected official, Carol Vaughn ("Vaughn") took steps to either solidify future employment within the Office of the Oktibbeha County Tax Assessor/Collector or create a basis for future litigation. Within weeks after her preferred candidate (White/Male) lost, Vaughn submitted a post-election accusation to the State Auditor's Office. Aware of the investigation, Vaughn then participated in mass destruction of public records from the previous administration prior to the new Tax Assessor/Collector - Defendant JoHelen Walker (Black/Female) - taking over. In spite of this, Defendant Walker actually retained her, but assigned Vaughn different duties than she had held in the final eighteen (18) months of the previous administration. Any reasonable employer in the same position as Defendant Walker would consider the new assignment appropriate. Instead, Vaughn,

unhappy with the result of the election and her new boss, decided to engage in insubordination until Vaughn got her wish and was terminated.

Vaughn, an employment claims veteran, has now manufactured a lawsuit against Oktibbeha County (by submitting a post-election report to the State Auditor's Office and forcing termination due to her own insubordination and failure to follow directives) with absolutely no basis for her claims. In the lead up to the filing of her Complaint, Vaughn filed her EEOC charge against the wrong party (as Oktibbeha County is not her Title VII employer), but cut the investigation by requesting the right to sue before Oktibbeha County had a chance to respond. Similarly, Vaughn dropped her claim for unemployment benefits after initially losing, because Vaughn "don't *[sic]* need [the ALJ] ruling against [her] and hurting her lawsuit."

Vaughn now makes a plethora of claims against Oktibbeha County regarding her alleged wrongful termination. However, the issues here are actually quite simple. First, Oktibbeha County has no authority to hire or fire employees of a county-elected official, such as the Tax Assessor/Collector. Secondly, Vaughn - unhappy with the result of the election - who was an employee of a county-wide elected official, complains of un-protected work speech, and speech made purely for personal reasons that is not protected in any event. Vaughn has manufactured all claims, when in reality and according to the record, Vaughn was an insubordinate employee and was terminated for such behavior. All of Vaughn's claims should be dismissed.

## II. ATTACHMENTS

In support of this Motion, Defendants attach the following Exhibits:

Exhibit A Carol Vaughn Notes

Exhibit B Carol Vaughn Employee File

| | |
|---|---|
| Exhibit C | Carol Vaughn Facebook Posts |
| Exhibit D | Carol Vaughn Report to State Auditor |
| Exhibit E | JoHelen Walker Discovery Responses |
| Exhibit F | Carol Walker Discharge Document |
| Exhibit G | January 2, 2024, and January 22, 2024, Board Orders on Payroll Changes |
| Exhibit H | DeLois Farmer and Alan Morgan Emails |
| Exhibit I | Oktibbeha County Bi-Weekly Payroll Sheets |
| Exhibit J | Carol Vaughn EEOC Documents |
| Exhibit K | Oktibbeha County Courthouse Directory |
| Exhibit L | Photos of Shredded Paper |

## III. BASIS FOR RELIEF

In support of dismissal, Defendants respectfully submit a Memorandum of Authorities by separate filing.

**NOW, THEREFORE,** these Defendants pray that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's First Amended Complaint with prejudice;

(B) That this Court deny Plaintiff the relief prayed for in Plaintiff's First Amended Complaint, and that Plaintiff be denied any relief whatsoever; and,

(C) That in conjunction with the dismissal of Plaintiff's First Amended Complaint with prejudice, Defendants be awarded and do recover from Plaintiff all of their costs, attorneys' fees and expenses associated with the defense of the instant civil action, on the ground that the said First Amended Complaint is legally and factually unsupportable and has been filed without substantial justification or without an

arguable basis in law, and that Defendants be awarded costs and attorneys' fees pursuant to *Fed. R. Civ. Proc.* 11, and 42 U.S.C. §1988.

**RESPECTFULLY SUBMITTED** this the 9th day of October, 2024.

**JACKS GRIFFITH LUCIANO, P.A.**

By: */s/ **Daniel J. Griffith***
Daniel J. Griffith, MS Bar No. 8366
M. Mckenzie W. Price, MS Bar No. 106538
Katherine P. McClellan, MS Bar No. 105718
Mary McKay Griffith, MS Bar No. 100785
Attorneys for Defendant Oktibbeha County, MS

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Phone No. (662) 843-6171
Fax No. (662) 843-6176
Email: katie@jlpalaw.com
mprice@jlpalaw.com
dgriffith@jlpalaw.com
mgriffith@jlpalaw.com

## CERTIFICATE OF SERVICE

I, Daniel J. Griffith, attorney for Defendants, do hereby certify that on this day, I filed the foregoing *Motion for Judgment on the Pleadings, or Alternatively for Summary Judgment,* with the Clerk of the Court via ECF filing system, to the following counsel of record:

Jim D. Waide, III, Esq.
Yance A. Falkner, Esq.
Waide & Associates, P.A.
Email: waide@waidelaw.com
yfalkner@waidelaw.com
**Attorneys for Plaintiff**

Robert J. Dambrino III, Esq.

Gore, Kilpatrick & Dambrino PLLC
Email: rdambrino@gorekilpatrick.com
**Attorney for JoHelen Walker**

This, the 9th day of October, 2024.

By: */s/ Daniel J. Griffith*
Daniel J. Griffith