**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

| | |
|---|---|
| **CAROL VAUGHN** | **PLAINTIFF** |
| **v.** | **Case no. 1:24-CV-108-SA-RP** |
| **OKTIBBEHA COUNTY, MISSISSIPPI; DELOIS FARMER; and JOHELEN WALKER** | **DEFENDANTS** |

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO LIFT STAY**

---

Plaintiff Carol Vaughn, files this memorandum in support of her to Motion to Lift Stay in response to this Court's Order Staying Discovery [Doc. 61].

## I. Introduction and Procedural Background

Plaintiff filed the instant lawsuit on June 6, 2024 [Doc. 1], alleging multiple theories of liability related to her wrongful termination. Plaintiff filed an Amended Complaint [Doc. 14] on August 9, 2024, to plead an additional theory of liability. A Case Management Conference was held on August 13, 2024, and a CMO was entered setting deadlines for the case [Doc. 17, 18].

The parties then began conducting discovery. Plaintiff served her first set of interrogatories, requests for production, and requests for admissions to Defendants on August 13, 2024 [Doc. 21]. Plaintiff served a second set of requests for production on Defendant Oktibbeha County on August 19, 2024 [Doc. 24]. Responses were filed, Doc. 31, 34, 35, 36, 37, 38, 40, 45.

On August 19, 2024, Defendant JoHelen Walker noticed an Issuance and Intent to Serve Subpoena Duces Tecum [Doc. 25]. Likewise, Defendant Oktibbeha County filed notices of Intent to Serve Subpoenas Duces Tecum [Doc. 41, 42, 43] on September 16, 2024.

Defendants also served discovery requests on Plaintiff. Defendants Oktibbeha County and Farmer served discovery requests on Plaintiff on September 16, 2024 [Doc. 44] and served a second set of requests on September 26, 2024 [Doc. 47]. Plaintiff responded to these requests on October 16, 2024 [Doc. 59] before the Order Staying Discovery was entered.

The parties scheduled numerous depositions. Doc. 28, 29, 30, 32. These depositions were scheduled to take place in October and November but have now been cancelled because of the Order Staying Discovery.[1]

On October 9, 2024, Defendant Oktibbeha County and Farmer each filed separate Motions for Judgment on the Pleadings, or alternatively, for Summary Judgment. Doc. 49, 51, 52, 53. Defendant Walker then joined in the motions. Doc. 58. Simultaneously, Defendant Oktibbeha County and Farmer filed a Motion to Stay [Doc. 55], which Defendant Walker also joined [Doc. 58].

Before Plaintiff could file a response in opposition, the Court entered a sua sponte Order Staying Discovery on October 16, 2024. Doc. 61.[2] The stay order did not address Defendants' arguments in the Motion to Stay.

Plaintiff now files this Motion to Lift Stay, since no law or supporting rationale merits a stay of this action.

## II. <u>Arguments</u>

### A. <u>A stay under Local Rule 16 has been waived under the CMO in this case.</u>

Section F(5) of the CMO for this action states that "defendants reserve the right to file qualified immunity or other immunity motions. However, for purposes of judicial economy . . . the

[1] Plaintiff's counsel also moved *ore tenus* to proceed with these depositions at a status conference with the magistrate judge on October 17, 2024. Doc. 63. Defendants opposed the motion, and the Court denied it.

[2] Plaintiff's counsel promptly informed the Court of intent to oppose any stay via email. *See* Exhibit 1, Email from Plaintiff's Counsel to Court.

parties may engage in discovery as to all issues, including but not limited to, immunity issues." Thus, the Court has already ordered that discovery on any immunity-related defense may proceed, thus rendering any application of Local Rule 16 moot.

Local Rule 16 provides that "[a] motion asserting lack of jurisdiction must be filed at least seven days before the Case Management Conference or the movant may be deemed to have waived the automatic stay provision of subsection (B). L.U.Civ.R. 16(b)(3)(A). The Local Rule does not have a similar provision regarding immunity motions, but does state that immunity motions must be raised "as expeditiously as practicable." L.U.Civ.R. 16(b)(3)(A).

Nonetheless, the parties participated in an attorney conference and Case Management Conference with the magistrate judge, and the result of those conferences was that Defendants "reserved their right file a qualified immunity or other immunity motions" while simultaneously seeking relief of "any obligation to file an early immunity motion . . . ." A party cannot seek relief from the requirements of a rule, such as expeditious filing of a motion, and simultaneously seek the protections of that rule, a stay of discovery. When a party chooses to delay its filing of an immunity motion, as Defendants did here, they waive their right to a stay under Local Rule 16. This is obviously true when Defendants, as in this case, agree to "engage in discovery as to all issues, including but not limited to, immunity issues." Doc. 18 at ¶ F(5).

This Court has previously ruled that a CMO with similar language precluded a stay of discovery upon the filing of an immunity motion. *James v. Cleveland Sch. Dist.*, no. 4:19-cv-66-DMP-RP, 2020 WL 4370608, at *3-4 (N.D. Miss. July 30, 2020). In *James*, the court entered a CMO which contained language regarding immunity motions and discovery:

> [T]he parties acknowledge that if defendants file immunity motions, this case would be stayed pursuant to this Court's Local Rules. However, all parties agree to proceed with discovery on all issues and that defendants will not waive their

> immunity defenses by proceeding with discovery on all issues or by not filing their immunity defense motions until after discovery on all issues is completed.

*James*, 2020 WL 4370608, at *1. The Court stated that under this language, discovery could not be stayed related to an immunity motion "unless good cause existed to modify the scheduling order" under Fed. R. Civ. P. 16(b). *James*, 2020 WL 4370608, at *4.

While not identical to the language at issue in this case, the language is very similar, and the same analysis should apply. Regardless of what the Court or the parties intended, the language of "the order must be interpreted as its plain language dictates." *James*, 2020 WL 4370608, at *3 (citing *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000)). In this case, the CMO clearly stated that "the parties may engage in discovery as to all issues, including but not limited to, immunity issues." Doc. 18 at ¶ F(5). Thus, in order to stay discovery, Defendants should have been required to file a motion to modify the CMO under FED. R. CIV. P. 16(b).

**B. Local Rule 16 is inapplicable after entry of the CMO.**

Local Rule 16(b) provides exceptions to Local Rule 16(a). Local Rule 16(a) governs proceedings under FED. R. CIV. P. 26(f),[3] which governs the Case Management Conference and initial planning for discovery related to a FED. R. CIV. P. 16(b) conference. Rules 26(f) and 16(b) refer to the responsibilities of the parties and the court *prior* to the case management conference.

The parties in this action have already conducted an attorney conference, case management conference, and received deadlines under a CMO [Doc. 18]. Therefore, Local Rule 16(b) is inapplicable to the current motion, since it only acts as an exception to the requirements of Local Rule 16(a), all of which have already been fulfilled.

---

[3] L.U.Civ.R. 16(a) reads in whole: "The court will issue an Initial Order setting the deadline for the attorney conference required by Fed. R. Civ. P. 26(f) and a date for a case management conference [CMC] with the magistrate judge. The court will strive to set the case management conference within sixty days of the filing of the first responsive pleading."

**C. <u>To the extent Local Rule 16 applies after entry of the CMO, it is inconsistent with the Federal Rules of Civil Procedure.</u>**

Enforcing a stay under Local Rule 16 at this stage in the case, conflicts with FED. R. CIV. P. 26(c), which requires a showing of "good cause" before a protective order, such as an order staying discovery, is entered. *See, e.g., Comm. for Immigrant Rights of Sonoma Cty. v. Cty. of Sonoma*, 644 F.Supp.2d 1177, 1210-11 (N.D. Cal. 2009) (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002)) (finding a stay appropriate under good cause standard pursuant to FED. R. CIV. P. 26(c)). Indeed, the Federal Rules contain no "automatic stay" provision. In some scenarios, Congress provides for an automatic stay by statute. *See, e.g.,* 15 U.S.C. § 78u-4(b)(3)(B) (providing an automatic stay of discovery pending ruling on a motion to dismiss for cases brought under the Private Securities Litigation Reform Act of 1995); 9 U.S.C. §3 (providing for a stay of a case when it is referred for arbitration under the Federal Arbitration Act). No statute, Federal Rule, common law rule, or authority exists here for an automatic stay.

> As one court observed, "[h]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b) [ ] would stay discovery, the Rules would contain a provision to that effect." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

*Knoth v. Sw. Mississippi Reg'l Med. Ctr.*, no. 5:18-cv-49-DCB-MTP, 2019 WL 6110056, *1 (S.D. Miss. Aug. 9, 2019). Likewise, the Federal Rules contain no "automatic stay" provision for Rule 56 motions either, even when such motion implicates a defense of qualified immunity.

FED. R. CIV. P. 83(a) states that "[a] local rule must be consistent with—but not duplicate—federal statutes and rules . . . ." Local Rule 16(b)(3)(B) is not consistent with FED. R. CIV. P. 26(c).

In relevant part, Local Rule 16(b)(3)(B) states that "[f]iling a motion . . . asserting an immunity defense . . . stays … all discovery, pending the court's ruling on the motion, including any appeal." However, FED. R. CIV. P. 26(c) provides that a party may *move* for a protective order,

such as an order staying discovery, and the court may enter such an order "for good cause." Local Rule 16(b)(3)(B) thus shifts the burden and purpose of FED. R. CIV. P. 26(c) by providing for an automatic stay of discovery, rather than one acquired through motion with a showing of good cause by the party seeking the stay. This requires the non-moving party to seek relief, rather than the party who seeks a stay. *See Landry v. Air Line Pilots Ass'n Int't AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990) (recognizing that the burden for a stay of discovery is on the party seeking such a stay under FED. R. CIV. P. 26(c)).

The Local Rule is also inconsistent with FED. R. CIV. P. 1, which provides that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, *speedy*, and inexpensive determination of every action and proceeding." (emphasis added). Local Rule 16(b)(3)(B) does not secure a speedy determination; it does quite the opposite.

This inconsistency with the Federal Rules renders the Local Rule void and having no effect. *Compare McCargo v. Hedrick*, 545 F.2d 393, 402 (4th Cir. 1976) (invalidating a Local Rule for inconsistencies with the Federal Rule); *and Coles v. Marsh,* 560 F.2d 186 (3d Cir. 1977) (same)*; with Lykins v. Attorney Gen. of U.S.*, 86 F.R.D. 318, 319 (E.D. Va. 1980) (finding consistency with Local Rule limiting discovery and Federal Rules).

Indeed, a survey of every other district court in the Fifth Circuit shows that no court has a parallel or similar local rule. Thus, no supporting authority for enforcement of this rule exists within the Fifth Circuit.

Managing the court's docket is committed to the sound discretion of the trial court. However, applying Local Rule 16 as an "automatic stay" takes that control away from the court and places it in the hands of defendants who can easily claim qualified immunity on a federal claim against one defendant and delay the case as to all Defendants.

After entry of the CMO and the setting of deadlines, the parties in this case began discovery, including setting depositions. Rather than file their motion before discovery or even before the Case Management Conference, Defendants *chose* to file their motions a mere three (3) weeks before scheduled depositions. Since Defendants had already participated in discovery, the burden should be *on them* to show good cause as to why discovery should suddenly be halted, not on Plaintiff to show why it should continue.

Reading Local Rule 16 to provide for an "automatic" stay leads to absurd results. Assuming, *arguendo*, the Court grants the instant motion, the stay will be lifted and the parties will resume discovery, including resetting depositions that were cancelled by operation of the stay.[4] The parties set those depositions, then, two weeks before the depositions are set to take place, Defendant Walker chooses that time to file her own motion asserting a qualified immunity defense. Under this Court's current practice, the case would, again, be stayed, once again thwarting discovery efforts and wasting time until memories fade. Plaintiff would be required to, again, file this exact same motion seeking to continue in discovery, all because of the timing of the assertion of a qualified immunity defense, which is in the sole control of the individual defendant, not this Court. This cycle could, conceivably, continue indefinitely as each Defendant take turns filing qualified immunity motions to stay a case. Since there is no limit on the time a defendant can seek qualified immunity, the amount of delay is indefinite.

Rather than requiring defendants to show cause as to why discovery should be stayed, the sua sponte stay places an unnecessary burden on plaintiffs to play "red light, green light" throughout discovery as defendants strategically time their motions to frustrate the progression of a case.

---

[4] *See* Notices of Depositions at Doc. 28, 29, 30, 32.

Defendants have many safeguards to preserve the protections afforded by qualified immunity. For example, prior to the Case Management Conference, the parties meet to discuss a discovery plan which could limit discovery until certain issues are ruled on. FED. R. CIV. P. 26(f)(3). Defendants could have done so here, and the Court could have considered, at the Case Management Conference, whether good cause existed to stay discovery pending any motions, or to allow discovery to proceed. Instead, Defendants got the discovery they needed, then filed a motion to stay to prevent Plaintiff from taking depositions.

**D. <u>Good cause exists to lift the stay under Local Rule 16(b)(3)(B).</u>**

If the Court finds that a stay under Local Rule 16 is automatic and controlling notwithstanding Plaintiff's previous arguments, then the stay should nonetheless be lifted under Local Rule 16, which states:

> Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief.

L.U.Civ.R. 16(b)(3)(B). The Court should allow discovery to proceed on the issues not related to qualified immunity, which will preserve Defendant Farmer's rights and interests under a qualified immunity defense while also promoting judicial economy and the speedy resolution of this matter, as required by FED. R. CIV. P. 1.

*Mithcell v. Forsyth*, 472 U.S. 511, 526 (1985), disallows discovery for officials claiming qualified immunity. It is not relevant here. Even if Defendant Farmer is granted qualified immunity on federal claims, discovery will proceed after a lengthy delay. [5]

The complaint asserts not just a federal claim, but also asserts multiple state claims against several defendants which are not subject to qualified immunity. After months waiting ruling on the

---

[5] *See* First Amended Complaint, Doc. 14 ¶ 11, alleging violations of state law against all Defendants, including Defendant Farmer.

qualified immunity issue a new case management order will have to be entered, and the parties will have to again agree on dates for depositions. The individual Defendant JoHelen Walker will likely then file her own Motion for Qualified Immunity, delaying the case even further. "Qualified immunity" should not be used simply as a delay tactic. *See Martin v. Dallas Cty., Tex.*, 822 F.2d 553, 555-56 (5th Cir. 1987) ("[t]he protection of government officials who are entitled to immunity does not *ipso facto* disable a plaintiff from conducting all discovery against all non-immune defendants in his case.").

This delay tactic is especially inappropriate since the Motion for Qualified Immunity is so clearly without merit. According to Defendant Farmer's Memorandum in Support of Motion for Summary Judgment on the Pleadings or Alternatively Motion for Summary Judgment, [Doc. 53], p. 14: "Mississippi law and the record make it clear that Defendant Farmer as County Administrator, has no authority to hire or fire deputies in the Tax Assessor/Collector's Office." Defendant pointed out that Mississippi statutes and case law demonstrated that only the Tax Assessor, not the County Administrator, has the duty of hiring or firing employees in the tax assessor's office. Defendant's Memorandum's Brief, [Doc. 53] at p. 15.

Since the county administrator has no lawful duties whatsoever with respect to the hiring or firing of employees in the Tax Assessor's office, she has no "discretionary duties" in that regard. The qualified immunity doctrine only comes into play when "officials are required to exercise their discretion …." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).

In *Sweetin v. City of Texas City, Texas*, 48 F.4th 387 (5th Cir. 2022), a Texas city's permit officer stopped and detained the plaintiff. In response to the plaintiff's claim of a violation of Fourth Amendment rights, the defendant asserted qualified immunity. This Court denied the qualified immunity defense because the permit officer lacked authority under state law to stop a

citizen. This Court wrote: "The first part of the rule often gets overlooked: To even get into the qualified-immunity framework, the government official must 'satisfy his burden of establishing that the challenged conduct was within the scope of his discretionary authority.'" *Sweetin*, 48 F.4th at 391-92.

Since the county administrator has no duties to hire or fire tax assessor employees, she obviously has no "discretionary authority" to hire or fire such employees. The qualified immunity doctrine has no application.

Yet another reason why the stay is wrong is that it conflicts with FED. R. CIV. 12(c) which provides: "after the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." By its terms, Rule 12(c) does not permit a Motion for Judgment on the Pleadings if the motion will delay trial. This case is before the court on a Motion for Judgment on the Pleadings. The plain language of the Rule says that it must not be used to "delay trial."

With respect to Defendant's alternative claim for summary judgment, Defendant has cleverly attached evidentiary materials (most of which are inadmissible) to its motion, some of which were obtained in discovery from Plaintiff. Then, before Plaintiff could take depositions scheduled for (but now stayed) October 29, 30, and November 22,[6] Defendants suddenly asked for a stay so as to keep Plaintiff from obtaining discovery which she needs to respond to the Motion for Summary Judgment.

"When a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversable error." *Brown v. Mississippi Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002).

[6] *See* Notices of Depositions at Doc. 28, 29, 30, 32.

## III. Conclusion

For the reasons set forth herein, this Court should lift the stay of discovery in this case.

Respectfully submitted, this the 23rd day of October 2024.

CAROL VAUGHN, Plaintiff

By: */s/ Yance Falkner*

Jim Waide, MS Bar No. 6857
Rachel Pierce Waide, MS Bar No. 100420
Yance Falkner, MS Bar No. 106107
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
Telephone: (662) 842-7324
Email: waide@waidelaw.com
jdw@waidelaw.com
rpierce@waidelaw.com
yfalkner@waidelaw.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Plaintiff has this day filed the above with the Clerk of the Court, utilizing this court's electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

Mary McKay Griffith, Esquire
Daniel J. Griffith, Esquire
Jacks, Griffith, Luciano, P.A.
Post Office Box 1209
Cleveland, MS 38732-1209
dgriffith@jlpalaw.com
mgriffith@jlpalaw.com
dgriffith@jlpalaw.com
aluciano@jlpalaw.com
vsmith@jlpalaw.com
lajan@jlpalaw.com

Robert J. Dambrino, III, Esquire
Gore, Kilpatrick & Dambrino PLLC
P.O. Box 901
Grenada, MS 38902
rdambrino@gorekilpatrick.com
kcarollo@gorekilpatrick.com
wpinson@gorekilpatrick.com
alane@gorekilpatrick.com

DATED, this the 23rd day of October, 2024.

*/s/ Yance Falkner*
Yance Falkner