IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CAROL VAUGHN                                                                                    PLAINTIFF

v.                                                                                   NO. 1:24-CV-108-SA-RP

OKTIBBEHA COUNTY, MISSISSIPPI, et al.                                          DEFENDANTS

### ORDER DENYING MOTION TO LIFT STAY

This matter is before the court on the Plaintiff's Motion to Lift Stay. ECF #68. The plaintiff asks the court to lift the stay of discovery imposed by the court pending a ruling on the defendant Delois Farmer's motion for judgment on the pleadings asserting a qualified immunity defense. The defendants oppose the motion. The court finds the motion is not well taken and should be denied.

The plaintiff Carol Vaughn brought this action seeking the recovery of damages for her alleged wrongful termination from employment as the bookkeeper for the tax assessor of Oktibbeha County, Mississippi. Named as defendants are Oktibbeha County, the county administrator Delois Farmer, and the county tax assessor Johelen Walker. Among a number of federal and state law claims, Vaughn brings a Section 1983 claim asserting that the defendants retaliated against her in violation of her rights under the First Amendment of the U.S. Constitution.

On October 9, 2024, the defendant Delois Farmer filed a motion for judgment on the pleadings or, alternatively for summary judgment arguing, among other things, that Farmer is entitled to qualified immunity against Vaughn's claim of First Amendment retaliation. Under the court's local rules, the filing of a motion asserting an immunity defense "stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal." L.U.CIV.R. 16(b)(3)(B). Accordingly, the court entered an order staying all discovery

pending a ruling on Farmer's motion. ECF #61.[1] Vaughn now moves the court to lift the stay for a number of alternative reasons which are discussed below. However, the court finds that this would deprive Farmer of the benefits of her asserted qualified immunity and would run afoul of Supreme Court and Firth Circuit directives.

Qualified immunity shields government officials from individual liability for performing discretionary functions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). "The basic thrust of the qualified immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) (KENNEDY, J., concurring in judgment)).

Where a public official asserts qualified immunity in a motion to dismiss, the district court must rule on the motion without permitting discovery against the immunity-asserting defendant. *Carswell Camp*, 84 F.4th 307, 311 (5th Cir. 2022) (citing *Backe v. LeBlanc*, 691 F.3d 646, 648 (5th Cir. 2012) (It is "*precisely* the point of qualified immunity … to protect public officials from expensive, intrusive discovery *until and unless* the requisite showing overcoming immunity is made.") (second emphasis added in *Carswell*)). Even discovery tailored to flesh out the qualified immunity defense is

---

[1] Although Farmer had filed a motion to stay discovery pending a ruling on her motion for judgment on the pleadings, the court terminated her motion to stay discovery as moot when ordering such a stay pursuant to the local rule. The next day, during a status conference with counsel for the parties conducted at Vaughn's request, the court denied Vaughn's *ore tenus* request to proceed with depositions that had been scheduled to take place within the next few weeks. ECF #63.

not allowed, as the district court "may not permit discovery – 'cabined or otherwise' – against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense." *Carswell*, 54 F.4th at 312 (quoting *Iqbal,* 556 U.S. at 686). "The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without *any* discovery." *Carswell,* 54 F.4th at 311 (emphasis in original).

As to the possibility of allowing discovery to proceed against non-QI-asserting defendants, Supreme Court precedent "squarely forecloses that, too." *Id.* at 313. "Responding to concerns about the burdens litigation imposes on public officials, the Court explained:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."

*Id.* (quoting *Iqbal,* 556 U.S. at 685-86). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Id.* (quoting *Iqbal,* 556 U.S. at 686).

In the present case, and notwithstanding the forgoing binding Supreme Court and Fifth Circuit precedent, Vaughn makes several arguments for why the court should allow discovery to proceed. None of these arguments is persuasive, and the court discusses each in turn.

### A. A stay under Local Rule 16 has been waived under the case management order in this case.

Whereas the court's Local Uniform Civil Rule16(b)(3)(A) provides that a motion asserting an immunity defense must be filed "as expeditiously as practicable after service of process," by agreement of the parties the court's case management order in this case states as follows:

> The defendants reserve the right to file a qualified immunity or other immunity motions. However, for purposes of judicial economy, the defendants are relieved of any obligation to file an early immunity motion as stated by Local Rule 16(b). Furthermore, the parties may engage in discovery as to all issues, including but not limited to, immunity issues. By so doing, defendants do not waive any immunity or other defenses. The parties agree and the court so orders.

ECF #18 at 4.

Acknowledging that this provision preserves the defendants' right to file a qualified immunity motion while relieving them of the obligation to file an early qualified immunity motion, Vaughn argues, "A party cannot seek relief from the requirements of a rule, such as expeditious filing of a motion, and simultaneously seek the protections of that rule, a stay of discovery." Plaintiff's brief, ECF #69 at 3. Vaughn cites no authority for this proposition, and the court sees nothing inherently improper about parties agreeing – with the court's permission -- to waive certain requirements of a rule and not others.

Vaughn also argues that the agreed language that the parties "may engage in discovery as to all issues, including, but not limited to, immunity issues" means that if a defendant chooses to delay its filing of an immunity motion, then it waives its right to a stay of discovery upon the filing of such a motion. The court disagrees, as the very next sentence of the agreed provision states, "By so doing [engaging in discovery], defendants do not waive any immunity or other defenses." Of course, as discussed hereinabove, a central aspect of the qualified immunity defense – which the parties agreed would not be waived by engaging in discovery – is a right to protection from discovery, and there is no language carving out this protection from the parties' agreed non-waiver provision. In other words, according to the plain language of the subject non-waiver provision, the parties agreed that by engaging in discovery, a defendant does not waive her right to assert

immunity not only from liability but also from discovery.[2]

### B. Local Rule 16 is inapplicable after entry of the CMO.

Vaughn contends that because Local Uniform Civil Rule 16(a) pertains to the court's entry of an Initial Order setting a deadline for the Rule 26(f) attorney conference and a date for a case management conference with the magistrate judge, and because exceptions to Local Rule 16(a) are set forth in Local Rule 16(b), then the provisions of Local Rule 16(b) – including the automatic stay of discovery upon the filing of an immunity motion – do not apply after the entry of the case management order. The court disagrees.

There is no language in Local Rule 16(b) limiting the application of its provisions as a whole to proceedings prior to entry of the case management order. In fact, whereas Local Rule 16(b)(3)(A) provides that a motion asserting lack of jurisdiction must be filed at least seven days before the case management conference or the movant may be deemed to have waived the automatic stay provision of subsection (B), there is no such waiver provision tied to the timing of the filing of a motion asserting an immunity defense. Even if there were, such a provision would run afoul of the above-discussed Supreme Court and Fifth Circuit precedent prohibiting discovery against QI-asserting defendants. Vaughn's argument is unpersuasive.

### C. If Local Rule 16 is applicable after entry of the CMO, then it is void as being inconsistent with the Federal Rules of Civil Procedure.

Vaughn argues that because there is nothing in the Federal Rules of Civil Procedure that provides for an automatic stay of discovery, and that because an order protecting a party

---

[2] Vaughn also urges the court to follow its ruling in *James v. Cleveland School District*, in which the court found that the parties' agreed CMO provision pertaining to the preservation of immunity defenses precluded a stay of discovery based upon the filing of a qualified immunity motion. No. 4:19-CV-66-DMB-RP, 2020 WL 4370608, *4 (N.D. Miss. July 30, 2020). However, the court's finding in that case turned – as it must -- on the particular wording of the agreed provision at issue, which wording materially differs from the wording of the non-waiver provision in this case, and the court finds its analysis in *James* to be inapplicable here.

from discovery may be issued upon a party's showing of "good cause" under Federal Rule of Civil Procedure 26(c), Local Rule 16(b)'s automatic stay of discovery upon the filing of an immunity motion is inconsistent with the federal rules and is therefore void. However, Vaughn misunderstands the scope of Rule 26(c), which governs motions by a *party or person* for protection from discovery – not a court's *sua sponte* stay of discovery, which is within the court's inherent authority.

"A district court has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (referring to power to stay proceedings as incident to such inherent powers)). This court has deemed it appropriate to adopt a local rule providing for a stay of discovery upon the filing of an immunity motion, which stay is within the court's inherent authority. Vaughn's argument is without merit, and again, it directly conflicts with Supreme Court and Fifth Circuit precedent prohibiting discovery against QI-asserting defendants without any required showing of good cause.

**D. Good cause exists to lift the stay.**

When discovery has been stayed pursuant to the local rule due to the filing of a motion asserting an immunity defense, "[w]hether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions committed to the discretion of the court, upon a motion by any party seeking relief." L.U.CIV.R. 16(b)(3)(B). Vaughn makes several arguments as to why there is good cause for the court to exercise its discretion to allow discovery to proceed.

First, Vaughn points out that in addition to her federal claims, she has brought multiple

state law claims, and she urges the court to allow discovery to proceed on issues not related to qualified immunity. However, as Vaughn herself states, her state law claims "arise under the same identical facts as do the federal claims for violation of Vaughn's free speech rights." Plaintiff's reply brief, ECF #76 at 2. This weighs *against* allowing discovery to proceed as to the non-QI-related claims.

"Local Rule 16 and Fifth Circuit precedent, which necessitate a stay in this matter under [the defendant's] qualified immunity defense, do not anticipate an end run around the stay by allowing discovery on related claims." *Patterson v. City of McComb, Mississippi,* No. 5:18-cv-74(DCB)(MTP), 2018 WL 4471778, at *2 (S.D. Miss. Sep. 18, 2018). "Allowing discovery on state law claims based on the same facts as the federal law claims would wholly undermine the Rule 16 stay." *Id.* See also *T.L. v. New Caney Independent School District,* No. H-24-1435, 2024 WL 4028726, at *1 (S.D. Tex. Sep. 3, 2024) (disallowing discovery as to federal and state law claims from which there was no qualified immunity where claims "are closely related and involve same facts and events"); *Williams v. Sanders*, No. 22-858-SDD-RLB, 2023 WL 11828793, at *3 (M.D. La. July 7, 2023) (staying all discovery against QI-asserting defendant, including discovery pertaining to claims to which QI did not apply, as well as discovery against other defendants, because such discovery would present "undue burden" on QI-asserting defendant); *Skinner v. Ard,* No. 19-66-JWD-EWD, 2020 WL 2245179, at *5 (M.D. La. May 7, 2020) (staying discovery as to state law claims that were "factually intertwined" with federal claims that were subject to motion to dismiss asserting qualified immunity).

Next, Vaughn suggests that Farmer's qualified immunity motion is an inappropriate delay tactic because it is "clearly without merit." Plaintiff's brief, ECF #69 at 9. However, Vaughn cites no authority – and the court is aware of none – for the proposition that a district court

should evaluate the merits of a qualified immunity motion when determining whether to allow discovery to proceed pending the court's ruling on that motion. To the contrary, "Supreme Court precedent has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI *must* survive the motion to dismiss without *any* discovery." *Carswell*, 54 F.4th at 311 (first emphasis added). Vaughn's argument focusing on the merits of Farmer's QI motion is misplaced.[3]

Next, Vaughn argues that the discovery stay is improper because Farmer's qualified immunity defense is presented in a motion for judgment on the pleadings which, under Federal Rule of Civil Procedure 12(c), is permitted after the pleadings are closed "but early enough not to delay trial," the plaintiff's implication being that Farmer did not file her motion early enough not to delay trial. However, while this may be grounds for striking or denying an untimely motion for judgment on the pleadings, it is not a basis for permitting discovery against a QI-asserting defendant while the QI motion remains pending. This argument against the discovery stay fails.

Finally, Vaughn argues that she needs discovery in order to respond to Farmer's alternative motion for summary judgment. Again, Vaughn's argument is misplaced. Her available remedy in such an instance is found in Federal Rule of Civil Procedure 56(d), under which a court may allow time to take discovery where a party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition to a summary

---

[3] If, as Vaughn suggests, Farmer's qualified immunity motion is frivolous and is presented for an improper purpose, i.e., to cause unnecessary delay, then there are remedies available to Vaughn under Federal Rule of Civil Procedure 11, as well as under the court's inherent authority to impose sanctions for bad faith conduct and conduct which abuses the judicial process. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). And if, as Vaughn suggests will happen, Farmer's codefendant Johelen Walker waits until Farmer's qualified immunity motion is ruled upon and only then files her own qualified immunity motion before discovery resumes, it seems to the undersigned that this would be strong evidence that Walker is using her QI motion, at least in part, in bad faith as an improper delay tactic.

judgment motion. Vaughn's motion to lift the stay meets none of these requirements, and in any event, if properly made, such a request would be considered by the presiding district judge only if Farmer's arguments for judgment on the pleadings are found to be unpersuasive.

## Conclusion

For the above reasons, Plaintiff's Motion to Lift Stay [ECF #68] is DENIED.

**SO ORDERED**, this the 3rd day of January, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE