IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CAROL VAUGHN                                                                                        PLAINTIFF

v.                                                                         CIVIL ACTION NO. 1:24-CV-108-SA-RP

OKTIBBEHA COUNTY, MISSISSIPPI;
DELOIS FARMER; and JOHELEN WALKER                                              DEFENDANTS

ORDER AND MEMORANDUM OPINION

Before the Court is Carol Vaughn's Appeal [93] of Magistrate Judge Percy's Orders [61, 92] granting a stay of discovery in this case and denying Plaintiff's subsequent Motion to Lift Stay [68]. The Appeal [93] has been briefed and is ripe for review.

*Relevant Procedural Background*

This civil action stems from Vaughn's alleged wrongful termination as the bookkeeper for the Oktibbeha County, Mississippi tax assessor's office. The named defendants are Oktibbeha County; the County Administrator, Delois Farmer; and the Tax Assessor, JoHelen Walker (collectively "Defendants"). Vaughn claims she was terminated from her employment on January 9, 2024 for engaging in political speech in support of Walker's political opponent and for reporting Farmer and Walker to the Mississippi State Auditor's office for alleged commission of unlawful activity.

On August 9, 2024, Vaughn filed her First Amended Complaint [14] raising constitutional and state law claims. Specifically, Vaughn brings claims against all Defendants for retaliation in violation of her First Amendment rights pursuant to 42 U.S.C. § 1983 and race discrimination under Title VII, 42 U.S.C. § 1981, and § 1983. Vaughn's state law claims include wrongful discharge in violation of public policy against the County, violation of Mississippi's

Whistleblower Statute against all Defendants, and tortious interference with employment against Farmer and Walker.

On October 9, 2024, Oktibbeha County filed a Motion for Judgment on the Pleadings or, alternatively, for Summary Judgment [49]. On the same date, Farmer also filed a Motion for Judgment on the Pleadings or, alternatively, for Summary Judgment [52] as well as a Motion to Stay [55]. In her Motion [52], Farmer asserted a qualified immunity defense as to all of Vaughn's federal claims and accordingly requested to stay this case pursuant to L.U. CIV. R. 16(b)(3)(B).

On October 10, 2024, Walker joined in Oktibbeha County's Motion [49] and Farmer's Motion to Stay [55]. However, Walker has not sought dismissal of the federal claims against her.

On October 16, 2024, Magistrate Judge Percy entered an Order [61] sua sponte staying the disclosure requirements and all discovery pursuant to L.U. CIV. R. 16(b)(3)(B). The Order [61] terminated Farmer's Motion to Stay [55] as moot.[1] Thereafter, Vaughn moved for the stay to be lifted. *See* [68]. Magistrate Judge Percy entered an Order [92] denying the Motion to Lift Stay [68] on January 3, 2025.

Vaughn timely filed an Appeal of Magistrate Judge Decision [93], arguing that Magistrate Judge Percy's Order [92] was clearly erroneous and contrary to law for several reasons. She also argues that the underlying Order Staying Case [61] was erroneous. In response, the Defendants take the position that the case was properly stayed.

*Analysis and Discussion*

"A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting FED. R. CIV. P. 72(a)); *see* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's non-dispositive order may be

---

[1] The stay of discovery was triggered by the filing of Farmer's Motion [52] wherein she asserts a qualified immunity defense.

2

reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.'" *Id*. at 808 n. 15. "The 'clearly erroneous' standard requires that the Court affirm the decision of the magistrate judge unless 'on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed.'" *Magana v. CoreCivic*, 2023 WL 372644 at *2 (N.D. Miss. Jan. 24, 2023) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)).

As noted, Magistrate Judge Percy, pursuant to Local Rule 16, entered an Order [61] sua sponte staying all discovery in this case pending resolution of Farmer's Motion [52] based, in part, on a qualified immunity defense.

In her Appeal [93], Vaughn first argues that Magistrate Judge Percy should not have ruled on her Motion to Lift Stay [68] and that the same should have instead been decided by the undersigned. Vaughn also raises several issues on appeal related to the Court's imposition of the stay on all discovery. In particular, she argues that (1) the stay protections under Local Rule 16 were waived under the Case Management Order ("CMO") [18] entered in this case, (2) Local Rule 16 is inapplicable after entry of the CMO, (3) Local Rule 16 (to the extent applicable) is inconsistent with Federal Rule of Civil Procedure 26(c), and (4) good cause exists for the stay to be lifted. The Court will address Magistrate Judge Percy's findings as to each of these issues in turn.

Before turning to the individual findings, however, the Court will address whether it was proper for Magistrate Judge Percy to decide Vaughn's Motion to Lift Stay [68]. Vaughn points to Local Rule 72(d) to support her argument that her motion should not have been referred to Judge Percy. Local Rule 72(d) provides as follows:

3

> Pretrial motions in civil actions are hereby referred to a magistrate judge for hearing and determination, subject to the following exceptions: motions for injunctive relief; motions to remand; motions for judgment on the pleadings; motions for summary judgment; motions to dismiss or to permit maintenance of a class action; motion to dismiss for failure to state a claim upon which relief can be granted; motions to involuntarily dismiss an action; motions in limine regarding evidentiary matters; and motions affecting the rulings on dispositive motions (e.g., motions to amend) pending before a district judge. Upon entry of a pretrial order, all motions thereafter served must be submitted to the assigned trial judge.

L.U. Civ. R. 72(d).

Vaughn argues that her Motion to Lift Stay [68] requested, in part, discovery related to a dispositive motion and therefore fell within one of the listed exceptions to the pretrial motions referred to magistrate judges under the rule. In her Motion to Lift Stay [68], Vaughn sought for the stay to be lifted so that she could conduct discovery "which she need[ed] to respond to the Motion for Summary Judgment"—that is, according to Vaughn's argument in her Appeal [93], the alternative summary judgment relief requested in Farmer's Motion [52]. [69] at p. 10.[2]

In his Order [92], Magistrate Judge Percy found that Vaughn's available remedy as to this dilemma was found in Federal Rule of Civil Procedure 56(d), under which a court may allow time to take discovery where a party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to its opposition of a summary judgment motion. Magistrate Judge Percy noted that Vaughn's Motion [68] did not meet the requirements of Federal Rule of Civil

---

[2] In support of her position, Vaughn alleges that the Defendants in this case have engaged in unfair gamesmanship by strategically filing Farmer's qualified immunity based Motion [52] after obtaining discovery from Vaughn, then simultaneously seeking to stay discovery before Vaughn could take the scheduled depositions of Farmer, Walker, and others. Vaughn characterizes this as an attempt to keep her from obtaining the discovery she needed to respond to the alternative summary judgment relief in both pending Motions [49, 52]. *See* [69]. It is noted that Farmer's Motion [52] does not have any evidentiary materials attached to it but it does cite to the exhibits attached to the County's Motion [49]. While Farmer did seek to stay discovery after filing her motion, the Court notes that it entered a stay of discovery on its own accord.

Procedure 56(d) as it did not attach any such affidavit or declaration. The Court agrees with each of these findings. The Order [92] further points out that if the request was properly made, it would be considered by the presiding district judge. Citing no authority, Vaughn contends that Magistrate Judge Percy "stated that he could not rule on [this] part of [her] Motion to Lift Stay" and therefore he should not have ruled on any part of the Motion [52] at all. [93] at p. 3. The Court disagrees and finds that Magistrate Judge Percy properly refrained from addressing the issue when deciding the Motion to Lift the Stay [68]. Nothing in Vaughn's Motion to Lift Stay [68] affects the Court's ruling on the pending dispositive motions. The remainder of the Motion to Lift Stay [68] was merely a discovery-related motion that Magistrate Judge Percy had authority to decide. *See* 28 U.S.C. § 636(b).

Lastly, the Court notes that Vaughn's Response [78] to Farmer's Motion [52] includes a request for the Court not to convert the Motion [52] to a summary judgment motion, as Farmer has alternatively plead, because she did not have the opportunity to complete discovery in light of the stay. As such, the issue of whether Vaughn should be allowed to conduct further discovery before Farmer's alternative summary judgment motion is decided is still before the Court and will be considered in due course.

Having addressed this preliminary issue, the Court will now turn to the individual findings of Magistrate Judge Percy's Order [92].

  *I.*  *Good Cause*

In her Appeal [93], Vaughn argues that discovery should proceed because "a decision on the qualified immunity motion will only decide which claims against Defendant Farmer are presented to the jury, not what facts will be discovered in this case" given the overlap of facts underlying her federal and state law claims against Farmer. [93] at p. 15. In other words, Vaughn's

5

overarching contention is that the stay of discovery merely delays this case because "[e]ven if Defendant Farmer is granted qualified immunity, this will not save her from having to defend the state law claims and participating in discovery on the state law claims" for which there is no qualified immunity defense. *Id*. at p. 14.

In denying Vaughn's Motion to Lift the Stay [68], Magistrate Judge Percy held that allowing discovery as to the state law claims against Farmer "would deprive Farmer of the benefits of her asserted qualified immunity and would run afoul of Supreme Court and Fifth Circuit directives." [92] at p. 2. In particular, the Supreme Court has recognized that the assertion of a qualified immunity defense includes the benefit of being "free…from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 685, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

In his ruling, Judge Percy heavily relies on the Fifth Circuit's relatively recent decision in *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022). Given the procedural posture of this case, a careful review of *Carswell*, which involved a similar procedural scenario, is warranted.

The central issue in *Carswell* surrounded the entry of a scheduling order which effectively denied the defendant's pending motions to dismiss on the basis of qualified immunity. *Carswell*, 54 F.4th at 310-11. In that case, the plaintiff, Carswell, brought Section 1983 claims against the county and numerous county employees after her son was found dead in his jail cell. *Id*. at 309. The individual defendants asserted qualified immunity and moved to dismiss the case. *Id*. The district court entered a scheduling order which denied the pending motion to dismiss without prejudice and stayed "all party discovery…as to any defendant who asserts qualified immunity." *Id*. It also provided that "[d]iscovery is not stayed as to a defendant asserting qualified immunity

6

as to that person's capacity as a witness to the extent that there is any other defendant not asserting qualified immunity." *Id*.

The individual defendants immediately appealed the scheduling order and moved to stay all discovery in the case pending resolution of their assertions of qualified immunity. *Id*. The district court denied the motion to stay *all* discovery but reiterated that discovery as to the qualified immunity asserting defendants was stayed. *Id*. at 310. Thereafter, Carswell sought to depose all eight of the individual defendants asserting qualified immunity as to her *Monell* claim only. *Id*. In response, the defendants moved the Fifth Circuit to stay discovery pending the appeal of the original scheduling order, and that request was granted. *Id*.

In addressing the discovery issue, the Fifth Circuit interpreted the second provision in the scheduling order to mean that "the district court would have allowed Carswell to proceed with discovery on her *Monell* claim, including by noticing depositions for all eight of the individual defendants asserting qualified immunity." *Id*. at 313. The Fifth Circuit held that Supreme Court precedent "squarely forecloses that, too." *Id*. The court emphasized that in response to concerns about the burdens litigation imposes on public officials, the Supreme Court in *Iqbal* explained:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id*. (quoting *Iqbal*, 556 U.S. at 685-686, 129 S. Ct. 1937).

7

The Fifth Circuit made clear that "the [Supreme] Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Id*.

Similar to Vaughn's argument here, Carswell argued that discovery on the separate *Monell* claim presented no undue burden to the individual defendants because even if they had not been sued in their individual capacities they would still be required to participate as witnesses in discovery. *Id*. The court disagreed for several reasons, including that the dual-capacity defendant "must be particularly careful in a deposition about how his answers can be used against him in not one but two ways" and that "bifurcated discovery imposes unreasonable burdens on the defendants." *Id*.

While the discovery issue resolved in *Carswell* was not the central issue of the case, the Fifth Circuit's reasoning for not allowing the individual defendants to be subjected to discovery on the *Monell* claim pending the resolution of their qualified immunity defense is telling. Again, the procedural posture in *Carswell* and the case at bar is the same—Farmer's Motion [52] wherein she asserts a qualified immunity defense as to all federal claims has not yet been decided. Vaughn makes clear that she does not seek discovery as to the claims against non-QI-asserting defendants, but only as to her state law claims against Farmer. *See* [93] at p. 13-14. On that point, she argues that her state law claims "would involve discovery concerning the exact same facts as those underlying in the First Amendment claim against Farmer." [93] at p. 14. Magistrate Judge Percy found that this argument weighed *against* allowing discovery to proceed. The Court agrees. Like the individual defendants in *Carswell*, Farmer has competing interests in being deposed on the state law claims while her qualified immunity motion is still pending because her testimony could be used against her as to the qualified immunity issue until that motion is decided. And this would

8

circumvent what "[t]he Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming QI must survive the motion to dismiss without *any* discovery." *Carswell*, 54 F.4th at 311 (emphasis in original).

In his Order [93], Magistrate Judge Percy also relies on several other cases which Vaughn argues are inapplicable. Begin with *T.L. v. New Caney Indep. Sch. Dist.*, 2024 WL 4028726 (S.D. Tex. Sept. 3, 2024), a suit involving Section 1983 claims against the Texas Education Agency and its commissioner, Mike Morath, as well as other claims against a Texas school district. In *New Caney*, the district court granted a motion to stay discovery pending resolution of the Agency and Morath's motion to dismiss based on qualified immunity because the claims against all defendants were "closely related and involve[d] the same facts and events, [and] discovery against the [school district] would necessarily be discovery against Mr. Morath and the Agency." *Id.* at *1. Vaughn argues that "in *New Caney*, the defendant had filed a motion and made a showing of cause before the court imposed the stay." [93] at p. 13. Aside from that procedural difference, the court nonetheless found cause for discovery to be stayed because discovery would implicate the qualified immunity asserting defendants before their motion was ruled on. Vaughn's futile attempt to distinguish this case does not support her position here.

Magistrate Judge Percy also relied on *Skinner v. Ard*, 2020 WL 2245179 (M.D. La. May 7, 2020)—another Section 1983 case involving pendent state law claims. In that case, the district court granted a stay of discovery as to state law conversion claims that were "factually intertwined" with the Section 1983 claim for illegal seizure. *Id.* at *5. The court explained that "[u]nder these facts, allowing discovery to proceed with respect to the state law claims would effectively contravene the policy which requires a stay of discovery pending the resolution of the defense of qualified immunity, i.e., the 'avoidance of disruptive discovery.'" *Id*. Additionally, the court

9

explained that "it would be difficult, if not impossible, for the parties to conduct discovery on the [state law claims] without discovery branching into the [federal claims]. *Id*.

As in *New Caney* and *Skinner*, the state and federal claims against Farmer are admittedly factually intertwined and discovery on the state law claims would therefore implicate her qualified immunity defense. In light of the above, the Court finds that Magistrate Judge Percy's finding that discovery should remain stayed was not clearly erroneous nor contrary to law.[3]

## II. Waiver of Local Rule 16 Stay

Next, Vaughn argues that Judge Percy erred in not finding that a provision contained in the CMO [18] waived the stay protections under Local Rule 16. Local Rule 16 provides that "[f]iling…a motion asserting an immunity defense or jurisdictional defense, stays the attorney conference and disclosure requirements and all discovery pending the court's ruling on the motion, including any appeal." L.U. CIV. R. 16(b)(3)(B). The entirety of the provision in the CMO [18] is as follows:

> The defendants reserve the right to file qualified immunity or other immunity motions. However, for purposes of judicial economy, the defendants are relieved of any obligation to file an early immunity motion as stated by Local Rule 16(b). Furthermore, the parties may engage in discovery as to all issues, including but not limited to, immunity issues. *By so doing, defendants do not waive any immunity or other defenses.* The parties agree and the court so orders.

[18] at p. 3. (emphasis added).

In her supporting Memorandum [69], Vaughn argued that the Defendants (particularly Farmer, though she references the Defendants collectively) effectively waived any stay protections

---

[3] The Court will not address Vaughn's arguments on appeal that Farmer had no basis to assert a qualified immunity defense as it goes to the merits of Farmer's Motion [52]. Additionally, the Court notes that Vaughn has not directed the Court to any authority allowing discovery to proceed as to qualified immunity asserting defendants on other pendent claims *before* their respective qualified immunity motion is ruled upon.

10

that would normally be triggered by the filing of Farmer's Motion [52] under Local Rule 16 by choosing to delay filing their immunity motion and agreeing to engage in discovery as to all issues. Magistrate Judge Percy rejected this argument, concluding that the CMO [18] makes clear that the Defendants did *not* waive "any immunity or other defenses" and that this language encompasses liability and protections from discovery. The Court agrees. The non-waiver sentence preserves the Defendants' protections by specifying that "by so doing," i.e., engaging in discovery, they "do not waive *any* immunity." [18] at p. 3 (emphasis added). There is no language in this provision that waives the stay protections of Rule 16 or that precludes the stay of discovery. There is also no provision that requires discovery to be completed prior to the Defendants filing an immunity motion—only that the parties *may* engage in discovery, not that they must. Vaughn essentially asks the Court to infer or imply that such waivers were made despite the express language contained in the Order [18] recognizing the Defendants' preservations.

Vaughn also argues that Magistrate Judge Percy's Order [92] is in clear conflict with *James v. Cleveland Sch. Dist.*, 2020 WL 4370608 (N.D. Miss. July 30, 2020). In *James*, this Court found the language in the CMO precluded a stay of discovery based on the filing of a qualified immunity defense. *Id*. at *4. The provision at issue in that case provided that a motion based on qualified immunity would trigger a stay under Local Rule 16, "*[h]owever*, all parties agreed to proceed with discovery on all issues and that defendants [would] not waive their immunity defenses by proceeding with discovery on all issues or by not filing their immunity defense motions until after discovery on all issue [was] completed." *Id*. (emphasis added). This Court defined the term "however" as "in spite of that; on the other hand; BUT." *Id*. (citing *In re Ramirez*, 204 F. 3d 595, 599 (5th Cir. 2000)). Crucially, this Court determined that "the use of the word 'however' in the second sentence (which refers to an agreement to complete discovery) was intended to contrast

11

with the statement in the first sentence (that the case ordinarily would be stayed if a qualified immunity defense was filed)." *Id*. In *James*, this Court recognized that there was an express waiver of the stay contained in the CMO because of the effect of the word "however."

Magistrate Judge Percy found that the language of the provision in *James* materially differed from the provision at issue in this case. As previously noted, and unlike the provision in *James*, the provision in this case does not contain any agreement for discovery to be completed and the stay protections of Rule 16 are not mentioned nor waived. Magistrate Judge Percy's ruling was not contrary to *James*.

      III.    *Applicability of Local Rule 16 and Federal Rule of Civil Procedure 26*

Finally, Vaughn argues that Local Rule 16 is inapplicable after entry of the CMO and, if found applicable, then it is inconsistent with Federal Rule of Civil Procedure 26. As to the applicability of Local Rule 16, Vaughn argues that the stay provision in subpart (b) of the rule (allowing for a stay of the attorney conference, disclosure requirements and all discovery pending the Court's ruling on an immunity motion) is an exception to subpart (a) (providing for the Court to set the case management conference within 60 days of the filing of the first responsive pleading) and therefore does not apply after entry of the CMO. *See* L.U. CIV. R. 16(a); (b)(3)(A). Magistrate Judge Percy was not persuaded by this argument, finding that there is no language in Local Rule 16(b) limiting the application of its provisions based on entry of the CMO. The Court agrees.

Besides, as Magistrate Judge Percy notes in his Order [92], the district court "has the inherent power to control its own docket, including the power to stay proceedings." *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id*. (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). Adoption of the stay provision in Local Rule 16 is within the Court's inherent authority. As Vaughn has pointed out, the Supreme Court in *Landis* counsels on "moderation rather than limitations upon power" and cautions "[abuse of discretion] by a stay of indefinite duration in the absence of a pressing need." *Landis*, 299 U.S. at 255, 57 S. Ct. 163. Farmer's benefit of being protected from discovery by her assertion of a qualified immunity defense as required by Fifth Circuit and Supreme Court precedent certainly presents a pressing need for a stay of discovery. The stay is not of indefinite duration but in place only until the Court rules on Farmer's Motion [52]. *See* [61]. In imposing the stay sua sponte pursuant to the rule, the Court has exercised "judgment…weigh[ing] competing interests and maintain[ing] an even balance." *Wells Fargo*, 490 F. Supp. 2d at 754 (citing *Landis*, 299 U.S. at 255, 57 S.Ct. 163).

Regarding Vaughn's argument that Local Rule 16 and Federal Rule of Civil Procedure 26 conflict, Magistrate Judge Percy disagreed for the same reason the Court has addressed above. Rule 26 provides in pertinent part that "[a] party or any person from whom discovery is sought *may* move for a protective order" from discovery and "[t]he court *may*, for good cause, issue [such] order." FED. R. CIV. P. 26(c) (emphasis added). In the Court's view, Rule 26 simply presents an avenue for the parties to bring a discovery issue to the attention of the Court and does not affect nor limit the Court's authority to stay proceedings as explained above.[4]

---

[4] Vaughn briefly argues that Local Rule 16 is also inconsistent with Federal Rule of Civil Procedure 1, which provides that the rules of procedure should be employed by courts to secure speedy disposition of proceedings. The Court notes that Local Rule 16 requires that a motion asserting an immunity defense be filed "as expeditiously as practicable after service of process." L. U. CIV. R. 16(b)(3)(A). However, the parties expressly waived that requirement in the CMO [18]. *See* [18] at p. 3 ("However, for purposes of judicial economy, the defendants are relieved of any obligation to file an early immunity motion…The parties agree and the court so orders.").

Having considered the relevant authorities and the parties' arguments, the Court finds that the Magistrate Judge did not clearly err in imposing a stay of discovery and denying Vaughn's Motion to Lift Stay [68].

*Conclusion*

For the reasons set forth above, Vaughn's objections and appeal are hereby OVERRULED, and the Magistrate Judge's Orders [61, 92] are AFFIRMED in their entirety.[5]

SO ORDERED, this the 28th day of July, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] In a separate Motion [94], Vaughn requested oral argument. The Court sees no need for the same, and that Motion [94] is DENIED.

14